**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUTH ANN ESTEP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action no. 06-0470(RMC) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S MOTION TO DISMISS, OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The defendant, pursuant to 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure, moves the court to dismiss the complaint for failure to state a claim, or in the alternative, for summary judgment on the grounds that there are no material facts in dispute and the defendant is entitled to judgment as a matter of law.

In support of this motion, defendant submits a Memorandum of Points and Authorities, a Statement of Material Facts as to Which There Is No Genuine Issue and a Declaration of Greg Faison, a Tort Claims Coordinator for the United States Postal Service.

Respectfully Submitted,

__/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. Bar #424122
Assistant United States Attorney

__/s/_____
DIANE M. SULLIVAN, D.C. Bar #427872
Assistant United States Attorney
501 Third Street, N.W., 4th Floor
Civil Division
Washington, D.C. 20530
(202)514-72

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUTH ANN ESTEP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action no. 06-0470(RMC) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Plaintiff, Ruth Ann Estep, brings suit against the United States of America and the United States Postal Service, alleging that Lal Chand Bhalla, allegedly an employee-agent of the United States Postal Service, while acting with in the scope of her employment, negligently drove her postal truck into the Plaintiff's vehicle (Complaint, ¶ 5). The Plaintiff further asserts that she suffered severe injuries as a direct and proximate cause of the collision (Complaint, ¶ 8). The Plaintiff also alleges that at no time was she contributorily negligent (Complaint, ¶ 7). The Plaintiff seeks compensatory damages in the amount of Two Hundred Thousand Dollars ($200,000.00) plus costs (Complaint, ¶ 9).

A review of the declaration of Greg Faison, a Tort Claims Coordinator for the United States Postal Service, coupled with a review of the applicable legal standards and the material facts that are not in dispute, reveal a case that, in its entirety, is appropriate for dismissal.

## STATEMENT OF FACTS

On April 18, 2006, Plaintiff, Ruth Ann Estep, filed a complaint, alleging an action for negligence against the United States of America and the United States Postal Service in the United States District Court for the District of Columbia (Complaint). The Plaintiff is seeking recovery for damages, which she allegedly sustained in an automobile accident with a person she alleges was a United States Postal Service employee (Complaint, ¶ 5). Between the time of the alleged accident, March 2, 2004, and the filing of the complaint, April 18,2006, the plaintiff never filed a tort claim with the Capital District Division of the United States Postal Service (Greg Faison's Decl., ¶ 3).

## ARGUMENT

I.    **STANDARD OF REVIEW**

A.    **Motion to Dismiss**

A motion under Rule 12(b)(6) "tests the legal sufficiency of the complaint." <u>ACLU Foundation of Southern Calif. V. Barr</u>, 952 F.2d 457, 472 (D.C. Cir. 1991). When reviewing such motions, the Court must take all allegations in the non-movant's pleading as true. <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46 (1957); <u>Sinclair v. Keindienst</u>, 711 F.2d 291, 293 (D.C. Cir. 1983). A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), however, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46.

In ruling on a 12(b)(6) motion, a court is limited to the allegations in the complaint and "other matters of public record

including court files, records and letters of official actions or
decisions of government agencies and administrative bodies, documents
referenced in the complaint or essential to a plaintiff's claim which
are attached to a defendant's motion." See Arizmendi v. Lawson, 914 F.
Supp. 1157, 1160-61 (E.D. Pa. 1996).

    **B.**    **Summary Judgment**

    Summary judgment is appropriate when "the pleadings,
depositions, answers to interrogatories and admissions on file,
together with the affidavits, if any show that there is no genuine
issue as to any material fact and that the moving party is entitled to
a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also
Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Diamond v. Atwood, 43
F.3d 1538, 1540 (D.C. Cir. 1995).

    In ruling on a motion for summary judgment, the court must draw
all justifiable inferences in the nonmoving party's favor and accept
the nonmoving party's evidence as true. See Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 255 (1986). A nonmoving party, however, must
establish more than "the mere existence of a scintilla of evidence" in
support of its position. Liberty Lobby, 477 U.S. at 252. To prevail on
a motion for summary judgment, the moving party must show that the
nonmoving party "failed to make a showing sufficient to establish the
existence of an element essential to that party's case, and on which
that party will bear the burden of proof at trial." Celotex, 477 U.S.
at 322.

II. **Plaintiff's claim should be dismissed because the plaintiff has failed to administratively exhaust her tort claim.**

Ruth Ann Estep has failed to exhaust her administrative remedies because no administrative claim was presented to the United States Postal Service. The Federal Tort Claims Act (hereinafter FTCA), 28 U.S.C. §§ 2671-80, requires an injured party to present an administrative tort claim before the appropriate federal agency, and to give that agency an opportunity to act on that claim, before the injured party is authorized to bring suit. 28 U.S.C. § 2675(a). In this case, the Plaintiff failed to submit an administrative claim to the United States Postal Service. (Greg Faison's Decl., ¶ 3). Plaintiff's lawsuit is therefore barred for failure to comply with the mandatory administrative requirements. *See* 28 U.S.C. § 2675; 39 C.F.R. §912.5(b).

Lawsuits against the federal government and its agencies for money damages are barred by the doctrine of sovereign immunity, except to the extent that the United States explicitly waives its sovereign immunity and consents to be sued. See, e.g., United States v. Testan, 424 U.S. 392, 400 (1976). The express terms of any such consent by the United States to be sued, define and limit a federal court's jurisdiction to entertain such a suit. United States v. Sherwood, 312 U.S. 584, 586 (1941).

The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment, is the FTCA, which is codified at 28 U.S.C. § 2671 et. seq. See, Thomason v. Sanchez, 398 F. Supp. 500 (D. N.J. 1975), *aff'd*, 539 F.2d 955 (3rd Cir. 1976), *cert*

4

*denied*, 429 U.S. 1072 (1977); <u>Castro v. United States</u>, 34 F. 3d 106 (2nd Cir. 1994); <u>J.D. Pflaumer v. United States Department of Justice</u>, 450 F. Supp. 1125, 1132 n.11 (E.D. Pa. 1978). As such, the express terms of the FTCA define and limit a federal court's jurisdiction to entertain tort actions against the United States and its agencies or employees, and the federal court's jurisdiction is restricted to the terms enunciated in the FTCA. As the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. <u>Livera v. First National Bank</u>, 879 F.2d 1186, 1194 (3d Cir. 1999), *cert. denied*, 493 U.S. 937 (1989). Because the sovereign's consent to a waiver of its immunity must be narrowly construed, a plaintiff must file any actions under the FTCA in exact compliance with its terms. <u>Bialowas v. United States</u>, 443 F.2d 1047 (3d Cir. 1971); <u>Ross v. Runyon</u>, 858 F. Supp. 630 (S.D. Tex. 1994).

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied after the six month adjudicatory period expires. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

Id. The requirement of administrative review and compliance with the claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional and cannot be waived. McNeil v. United States, 508 U.S. 106 (1993); *see also* Jerves v. U.S., 966 F.2d 517, 519 (9th Cir. 1992); Plyler v. United States, 900 F.2d 41, 41-43 (4th Cir. 1990); United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1306 (5th Cir. 1987), *cert denied*, 484 U.S. 1065 (1988); Garret v. United States, 640 F.2d 24, 25 (6th Cir. 1981).

Once a proper administrative claim is presented to an agency, that agency has six months in which to make final disposition of the claim. 28 U.S.C. § 2675. Further, if a claimant institutes an action in federal court without allowing the six month administrative period to expire, such federal court does not have jurisdiction to adjudicate that action. See e.g., McNeil v. United States, 508 U.S. 106, 111 (1993); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992); Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Reynolds v. United States, 748 F.2d 291, 292-93 (5th Cir. 1984).

A party bringing a tort claim against the United States must present the claim to the appropriate administrative agency within the applicable statute of limitations. See, 28 U.S.C. § 2401. Under 28 U.S.C § 2401, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ." Id. The filing of an administrative claim within two years of the accrual of a cause of action is a jurisdictional prerequisite of filing suit under the FTCA. Suarez v. United States , 22 F.3d 1064, 1066 (11th Cir. 1994).

6

Pursuant to 28 U.S.C § 2401(b), the Plaintiff in the present action should have filed her administrative claim with the United States Postal Service by March 2, 2006. Plaintiff did not file any claim with the United States Postal Service by March 2, 2006, but rather, filed this lawsuit on or about April 18, 2006, more than one month past the two-year statute of limitations. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and Plaintiff is barred from any recovery.

The United States Supreme Court has addressed the issue of whether claim presentment problems can be remedied after the initiation of litigation, finding that any related civil action is barred unless it begins after the full administrative process has been completed. See McNeil v. United States, 508 U.S. 106 (1993). As the Court stated "[t]he most natural reading of the statute indicated that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." McNeil, 508 U.S. at 112.

Since the Plaintiff failed to file an administrative claim with the United States Postal Agency within the prescribed two-year statute of limitations of the FTCA, 28 U.S.C § 2401(b), it is not now possible for the Plaintiff to administratively exhaust her tort claim. This Court, therefore lacks subject matter jurisdiction to consider this action because this Court is barred, under the FTCA, from hearing claims that have not been administratively exhausted.

7

**CONCLUSION**

For the foregoing reasons, this court lacks subject matter jurisdiction over the Plaintiff's claim and as a result the complaint should be dismissed as a matter of law.

Respectfully Submitted,

__/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar #424122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D.C. Bar #427872
Assistant United States Attorney
501 Third Street, N.W., 4th Floor
Civil Division
Washington, D.C. 20530
(202)514-7205

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUTH ANN ESTEP                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     Civil Action no. 06-0470(RMC)
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendant.            )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACT
AS TO WHICH THERE IS NO GENUINE ISSUE

The Defendant, in accordance with Local Rule 7(h), submits the following Statement of Material Facts As to Which There Is No Genuine Issue:

1. On or about April 18, 2006 Plaintiff Ruth Ann Estep, a resident of Prince George's County Maryland, filed a complaint in this Court against the United States of America, alleging an action for negligence against the United States, and claiming jurisdiction was proper under 28 U.S.C. §1346(b)(Plaintiff's Complaint).

2. Plaintiff alleges in her complaint that she incurred losses arising out of an automobile accident that allegedly occurred on March 2, 2004 with Lal Chand Bhalla, on the corner of 2nd and H Street, N.W., in the District of Columbia. (Plaintiff's Complaint, ¶ 4).

3. Between the time of the alleged accident, March 2, 2004, and the filing of the complaint, April 18, 2006, the plaintiff never filed a tort claim with the Capital District Division of the United States Postal Service (Greg Faison's Decl., ¶ 3).

Respectfully Submitted,

__/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar #424122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D.C. Bar #427872
Assistant United States Attorney
501 Third Street, N.W., 4th Floor
Civil Division
Washington, D.C. 20530
(202)514-7205

2