UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUTH ANN ESTEP** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** *et. al.,* )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 06-470 (RMC) |

**PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE**

COMES NOW the plaintiff Ruth Ann Estep, by and through her attorney, Alan J. Lander, and responds to the July 20, 2006 Order to Show Cause as follows:

1. Counsel did not receive by e-mail notification that defendant had filed on 06/20/2006 a Motion for Summary Judgment. The first notice of said motion received by counsel was the Courts Order to Show Cause. Counsel believes that defendant's Motion is without merit, and was not anticipating such Motion for the reasons stated below. (Counsel is not sure why notification was not received –the Notice of Appearance and the Courts order were received).

2. Defendant's Motion is without merit. Essentially the defendant is alleging that the plaintiff failed to follow the administrative procedures that a prerequisite to filing this suit. Attached to this Response are the following documents:

    a. June 29, 2004 letter to the General Counsel's office requesting that a SF 95 form be sent to Erik D. Frye, then counsel for the plaintiff;

    b. July 22, 2004 letter from GAO to Mr. Frye's office enclosing the SF 95 form;

      c. A copy of the completed SF form (signed by the plaintiff) and cover letter sent certified mail to the GAO on March 29, 2005;

      d. February 21, 2006 "final denial" letter from the GAO to Mr. Frye.

3. The defendant cites, correctly, Section 2401 or Title 28 as the rules and procedure that the plaintiff must follow to be successful in bringing a tort claim against the United States Government. Plaintiff followed the procedures within all applicable time limits (counsel notes that a possible confusion by the defendants in not believing that the claim was filed was that plaintiff had a different attorney at the time she was pursuing her administrative claim. This of course does not change the fact that she did file in a timely manner the administrative claim). This includes

      a. Filing the claim as prescribed the Government, which the plaintiff did, within the two-year period, when the SF 95 was sent to the GAO on March 29, 2005. (The accident was March 2, 2004. The plaintiff had until March 1, 2006 to send in the written notification of the claim. The GAO was the owner of the vehicle, and has never raised as an issue that the incorrect agency was identified as being potentially liable, attached is a copy of the police report).

      b. The agency had six-months to review the documentation sent by plaintiff on March 29, 2005, and attempts by both parties to settle the matter were unsuccessful. The next deadline was that plaintiff had to file suit in this Court within six months of the Agencies "final denial". That denial was on February 21, 2006, and suit was filed on March 14, 2006, within six months of the denial.

4. At best, there is a factual issue between the parties as to whether the administrative procedure was followed by plaintiff prior to her filing suit. Counsel acknowledges that

2

there was a failure in the pleading to allege that the administrative procedure were followed, and Counsel will amend the pleading if necessary to cure this defect. The Complaint did though state that Notice was sent to the Government, and this is shown by the documents attached to this Response. Nonetheless, the administrative procedure was followed, or at least the attachments to this Response give rise to this being a factual issue, and Defendant's Statement of Material Fact, paragraph 3, is incorrect. Summary Judgment is only permissible if there is no factual issue between the parties, Fed. R. Civ. P. 56 (c).

Counsel, on behalf of the plaintiff, requests that this Honorable Court deny the Defendant's Motion to Dismiss or in the alternative, for Summary Judgment. The failure to file the response to the Defendant's Motion was due to the failure of Counsel to receive notification of the Motion though e-mail, and the Defendant did not (nor had to) send a hard copy of the Motion to Counsel. The plaintiff has a valid response to Defendant's Motion, and Counsel appreciates and thanks the Court for the opportunity to have responded to the Motion. If the Court wishes a more formal response to Defendant's Motion, Counsel would appreciate an addition 15 days to draft such a response.

Respectfully Submitted,

_____/s/_____
Alan J. Lander, Bar #973604
1900 L Street NW
Suite 505
Washington DC 20036
(202) 466-3111